**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

JUDY HUGHES                                                                                                      PLAINTIFF

VERSUS                                                                                                  № 2:07-CV-026-SAA

HOLLYWOOD CASINO CORPORATION                                                  DEFENDANT

**MEMORANDUM OPINION**
**DISPOSING OF DEFENDANT'S MOTION {№22} FOR SUMMARY JUDGMENT**

The defendant, Hollywood Casino Corporation ("Hollywood"), argues that because no genuine issue of material fact exists about when the plaintiff received her right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), Hollywood is entitled to judgment as a matter of law under FED. R. CIV. P. 56. The court disagrees. Thus, for the following reasons, the motion is **DENIED**.

### I. Summary Judgment Standard

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ("the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the non-moving party's case.").

Under FED. R. CIV. P. 56(e), the burden shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324. That burden is not discharged by "mere allegations or denials." FED. R. CIV. P. 56(e). All legitimate factual inferences must

be made in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986).

## II. Factual Background

Judy Hughes worked as a casino dealer at Hollywood Casino Corp., where she was allegedly sexually harassed by her supervisor, Danny Toppianno. The nature of that alleged harassment is not the subject of this motion and, accordingly, will not be recounted.

Hughes filed a charge of discrimination with the EEOC on November 13, 2006, alleging a violation of Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §§ 2000e *et sequentia*. (*See* №22-2, at p. 1 [Ex. A].) On November 14, 2006, the EEOC issued Hughes its familiar right-to-sue letter, informing her that "[b]ased upon its [one day] investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes" (*Id.*). Quite plainly written in that letter is notice to a potential plaintiff, like Hughes, that one must file a lawsuit "**WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost" (№ 22-2, at p.2 [Ex. B]) (emphasis in original). Whether Hughes filed this case

2

within the allotted ninety days is the crux of this motion.

Hughes cannot state with any specificity the date on which she received the right-to-sue letter, representing only that she has had various mail delivery problems at her address. This case commenced on February 20, 2007 with the filing of the complaint. Because the case turns on the calendar and counting days, the following calendar is helpful to analyzing this motion. The information in parentheses refers to the presumptions (3, 5, or 7 days) accepted in this circuit when a plaintiff does not know the date on which she received her right-to-sue letter.

| FEBRUARY 2007 | | | | | | |
|---|---|---|---|---|---|---|
| SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY |
|  |  |  |  | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12<br><br>**90 days from letter's date** | 13 | 14 | 15<br><br>**90 days<br>(3 days)** | 16 | 17<br><br>**90 days<br>(5 days)** |
| 18 | 19<br><br>**90 days<br>(7 days)**<br>**FEDERAL HOLIDAY** | 20<br><br>**Case Filed** | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 |  |  |  |

**III. Analysis**

As the Fifth Circuit Court of Appeals has not adopted a uniform presumption applicable when a plaintiff cannot determine the day on which she received her right-to-sue letter from the EEOC, the court's sole task is to determine which presumption, 3-, 5-, or 7-day, will apply to this case.[1] With the 3-day, the plaintiff's claim is time barred; with the 5-, or 7-day presumptions, the plaintiff's claim survives.

Instead of a bright-line rule, our circuit has a rule of reason for determining length. *See Morgan v. Potter*, 489 F.3d 195, 196 (5th Cir. 2007) ("The exact number of days is thus an open question in this Circuit, but we have expressed satisfaction with a range between three and seven days."); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379-80 (5th Cir. 2002). Therefore, this case's facts will determine the appropriate, *i.e.*, reasonable, length of the unknown-receipt presumption and, by extension, whether the plaintiff has stated a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6).

A survey of federal cases on the subject is an appropriate starting point.

*A.    Three-day Presumption*

The banner for the three-day camp is *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n.1 (1984), where the Supreme Court presumed, in a passing footnote, that three-days is an appropriate length. *Id.* There was no explanation,

---

[1] Although the permissible range is from three to seven days (including two, four and six days), the court will consider only the prior quantities deemed permissible. Therefore, the even-numbered presumptions are discarded.

merely a citation to FED. R. CIV. P. 6(e), which is the time-counting rule and provides: "Whenever a party must or may act within a prescribed period after service . . . 3 days are added after the prescribed period would other expire . . . ." That the Supreme Court's statement was *obiter dictum* is self-evident. Yet, some courts have adopted this time limitation on the theory that three days is the standard allotment in the federal rules, and, therefore, it should also apply to other time-based presumptions. *See, e.g., Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2nd Cir. 1996); *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 n.2 (3d Cir. 1986); *Seitzinger v. Readinh Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999) *Ish v. Arlington County, Virginia*, 918 F.2d 955 (4th Cir. 1990) (unpublished opinion). The argument is familiar: what is good for the goose is good for the gander. Rhythmically pleasing as it is, it lacks logical force.

The purpose of RULE 6(e) is to account for service via the mail. Under the RULES, service by mail, when permitted, "is complete on mailing." FED R. CIV. P. 5(b)(2)(B); *see also* FED. R. CIV. P. 6(e) (citing FED. R. CIV. P. 5(b)(2)(B) - (D)). For civil procedure purposes, ***mail is effective on dispatch***. Whereas, under Title VII, one's 90-day clock begins ticking on ***receipt*** of the right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1) (2007). The distinction is important. Under the RULES OF CIVIL PROCEDURE, the recipient bears the risk of mail delays. Title VII, being remedial in nature, declines to lay that burden at the feet of the complaining individual. Title VII, rather, appears to remove the burden completely, save in a situation similar to this where one cannot say when one received the right-to-sue letter. RULE 6(e)'s three-day period lessens the burden on

5

the recipient; under Title VII, no burden exists to lessen. For that reason, the court concludes that the three-day period in FED. R. CIV. P. 6(e) is inapplicable.[2]

## B. Five-day Presumption

For courts applying a five-day presumption, there are two schools of thought.

First, the Sixth Circuit Court of Appeals has instituted an automatic five-day presumption of receipt. *See Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 475 (6th Cir. 1986); *Johnson-Brown v. Wayne State Univ.*, 173 F.3d 855, at *1 (6th Cir. 1999) (unpublished opinion) ("As long as the right-to-sue letter is correctly mailed by the EEOC to the charging party's address of record, a presumption exists that the ninety-day limitations period begins to run five days after the date of mailing."). The Sixth Circuit's logical force borrows heavily from administrative regulations. In *Hunter v. Stephenson Roofing, Inc.*, 790 F.2d 472, 475 (6th Cir. 1986), the Circuit cites social security regulations as support for the five-day presumption for receiving a right-to-sue letter. *Id.* (citing 20 C.F.R. § 422.210(c)). Likewise, the EEOC itself prefers a five-day period. *See* 29 C.F.R. § 1614.604(b).

Second, the District of Columbia Circuit construed the EEOC regulations to provide a five-day presumption. *Rao v. Baker*, 898 F.2d 191, 195-96 (D.C. Cir. 1990). This presumption is not automatic. Like the Fifth Circuit, the D.C. Circuit first requires ignorance of the date on which the plaintiff received the right-to-sue letter.

---

[2] Multiple public policy reasons justify a period longer than three days. However, because the Fifth Circuit has expressed satisfaction with a range from three to seven days, public policy considerations need not be addressed, as this court can chose a longer period consistent with its circuit's precedent.

6

The Tenth Circuit also belongs to this second school of thought. In *Lozano v. Ashcroft*, 258 F.3d 1160, 1164-65 (10th Cir. 2001), the court adopted the mailing-time presumption but declined to determine whether a three- or five-day presumption applied, as neither would have resolved the underlying issue in the case. *See Lozano*, 258 F.3d at 1165 ("We need not decide whether the presumption should be three days, or five, as resolution of that issue is unnecessary for disposition of this case.").[3]

The court finds the reasoning of the Sixth, Tenth, and D.C. Circuits persuasive. The courts' logic, coupled with the EEOC's determination that five days is an appropriate period, *see* 29 C.F.R. § 1614.604(b) [not to mention the court's own experience with the time it regularly takes the postal service to deliver mail], convinces the court that the appropriate length of the presumption is five days.

Accordingly, the court will apply a five-day presumption to this case.

**C.   *Five-day Presumption Applied to this Case***

The EEOC's right-to-sue letter to plaintiff was dated November 14, 2006. Ninety days later, ***with the five-day presumption***, ended on Saturday, February 17, 2007. Monday, February 19, 2007 was a federal holiday. The plaintiff filed this case on February 20, 2007.

This court was not open on Saturday, February 17th; Sunday, February 18th;

---

[3]Although *Lozano* was not a case involving an EEOC right-to-sue letter, its reasoning is valid because the Tenth Circuit analogized the issue in *Lozano* to the EEOC context. *See Lozano*, 258 F.3d at 1164 ("However, courts routinely apply a presumption of receipt in the *analogous* situation of mailing EEOC right-to-sue letters to potential claimants.").

7

or Monday, February 19, 2007. Therefore, the next business on which the plaintiff could have filed her complaint was **Tuesday, February 20, 2007**. By slimmest of margins, the plaintiff has filed her case timely.

### IV. Conclusion

For the foregoing reasons, the defendant's motion {№22} for summary judgment is **DENIED**.

**SO ORDERED**, this the 30th day of October, 2007.

/S/ *S. Allan Alexander*
UNITED STATES MAGISTRATE JUDGE